UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM F. BLASKOWSKI,<br><br>              Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA; STEARNS COUNTY; WRIGHT COUNTY; HENNEPIN COUNTY; MICHELLE DAVIS; Judge, in her individual and official capacities; JEOFF TUENEY, Judge, in his individual and official capacities, VICKI LANDWERK, Judge, in her individual and official capacities; MARY MAHLER, Judge, in her individual and official capacities; and JOHN SCHERER, Judge, in his individual and official capacities,<br><br>              Defendants. | Case No. 15-CV-2733 (MJD/LIB)<br><br>REPORT AND RECOMMENDATION |

       Plaintiff Adam F. Blaskowski commenced this action in the United States District Court for the Central District of California. Upon review of Blaskowski's complaint, Judge André Birotte, Jr. noted that "the Complaint is largely unintelligible . . . ." ECF No. 9 at 2. However, rather than recommending dismissal of the action on the basis that the complaint failed to state a claim on which relief may be granted, Judge Birotte transferred the matter to this District. *Id.*

       Blaskowski has not paid the filing fee for this case. Instead, Blaskowski has filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* ECF No. 11. That IFP application must be considered before any other action may be taken in this matter. After review of the IFP application, this Court concludes that Blaskowski qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP

applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

This Court agrees with Judge Birotte that "the Complaint is largely unintelligible . . . ." ECF No. 9 at 2. Blaskowski alludes to several federal statutes in his complaint, including the Americans With Disabilities Act and the "Voters Rights Act." *See* Compl. at 2 [ECF No. 1]. He also alleges that this action implicates human-rights and sex-discrimination issues, among much else. *Id*. That said, despite several readings of the complaint, this Court cannot discern the specific actions or omissions of the defendants that are being alleged by Blaskowski to have violated the law. The complaint is nearly illegible in several places, and even where the words on the page can be read, it is far from clear what Blaskowski is trying to say. *See, e.g.*, *id*. at 4 (listing as sole fact supporting claim, "Bullying and Harassed my wife and son due to culture."). Moreover, the factual allegations (such as they are pleaded) are not specific to any defendant,

leaving this Court to guess whom did what. Simply put, there is no claim upon which relief may be granted stated in Blaskowski's complaint as presently drafted.

Moreover, by all appearances, Blaskowski's claims arise from the actions of state-court judges in the performance of their official duties. "A judge is entitled to judicial immunity if he has not acted in clear absence of all jurisdiction and if the act was a judicial one." *Grazzini-Rucki v. Knutson*, 597 Fed. App'x 902, 903 (8th Cir. 2015) (per curiam) (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). If Blaskowski is in fact attempting to bring claims entirely on the basis of judicial actions, those claims must undoubtedly fail no matter how eloquently they might have been stated.

Because Blaskowski's complaint is beyond comprehension, though, this Court cannot conclude with absolute certainty that defendants are in fact entitled to judicial immunity. Still, the incomprehensibility of the complaint, by itself, is a sufficient basis to recommend dismissal of this action without prejudice at this time. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Batchelder v. I.N.S.*, 180 Fed. App'x 614, 615 (8th Cir. 2006) (per curiam) (affirming *sua sponte* dismissal on the basis that the plaintiff's "largely unintelligible and incomprehensible allegations fail to provide fair notice of his claims and the grounds upon which they rest."). This Court recommends precisely that course.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Adam F. Blaskowski's application to proceed *in forma pauperis* [ECF No. 11] be DENIED.

Dated: July 16, 2015  **s/ Leo I. Brisbois**
Leo I. Brisbois
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.